```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF ILLINOIS
                         EASTERN DIVISION

S & L BIRCHWOOD LLC, et al.,    )
                                )
              Plaintiffs,       )
                                )
     v.                         )    No.  10 C 6610
                                )
LFC CAPITAL, INC.,              )
                                )
              Defendant.        )
```

MEMORANDUM ORDER

This action, originally filed in a New York state court and then removed to the United States District Court for the Eastern District of New York by defendant LFC Capital, Inc. ("LFC"), has now been transferred to this Northern District of Illinois and assigned at random to this Court's calendar. It is hereby set for an initial status hearing at 8:45 a.m. October 28, 2010 (with both sides having been represented by New York counsel, that scheduling will enable those lawyers to participate telephonically if they have not yet made arrangements for representation by counsel located in this District).[1]

In the meantime, however, both sides' counsel should seek to retain local counsel here, not necessarily to take the lead oar in the litigation but rather to facilitate compliance with the local rules as to the advance notice required to be given in connection with any motions that may be filed. This Court has

---

[1] Counsel have the responsibility for placing such a call as a conference call to this Court's courtroom at 312-435-5766.

also noted some matters that counsel for the parties should be prepared to address at the initial status hearing.

First, LFC, which is the Lessor under the Master Lease Agreement ("Agreement") at issue in this litigation, included this provision in Agreement §22:

> This Agreement and each schedule shall be governed in all respects by, and construed in accordance with, the internal laws of the State of Illinois.

And that of course includes the Agreement's provisions as to defaults (Agreement §12) and LFC's remedies in case of default (Agreement §13).

On that score, LFC's January 15, 2010 letter that contained a notice of an asserted Event of Default and demanded payment of the entire accelerated balance of future rental payments also included a "notice of LFC Capital, Inc.'s election to convert the existing end of term $1.00 Purchase Option to Fair Market Value effective February 2, 2010." That asserted election constituted LFC's exercise of an option found at Agreement §13(a)(ii).

This Court has of course had numerous occasions over the years to consider and apply Illinois law as to the enforcement of equipment leases and other leases in the case of lessee defaults. Based on that experience, it views the cited provision of the Agreement as raising a serious question whether it imposes a penalty that is unenforceable under Illinois law and, relatedly, raises the further question whether such potential

unenforceability may taint LFC's entire effort to pursue the claimed default here.

This should not of course be misunderstood as an ultimate ruling on the merits of the matter. Instead this Court would regard itself as remiss if it failed to alert the litigants to any area of its concern, so that the subject may be discussed at the initial status hearing.

_____
Milton I. Shadur
Senior United States District Judge

Date:    October 18, 2010